THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN DONNARUMMA, PLAINTIFF IN ERROR.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff in error, *A. Michael Lepore.*

For the defendant in error, *John Drewen,* prosecutor (*Harlan Besson* and *Edward J. Madden,* on the brief).

PER CURIAM.

John Donnarumma, plaintiff in error, defendant below, was convicted in the Hudson County Court of Quarter Sessions on indictments charging him with keeping a disorderly house and accepting the earnings of a prostitute. The record comes up at the instance of the defendant below under section 136 of the Criminal Procedure act. The prosecutor con-

tends that the record is not properly certified; but we find it unnecessary to consider that question.

The only assignment of error is that the verdict is contrary to the weight of the evidence, and in support thereof it is argued that the verdict was the result of mistake in that the jury failed to weigh the evidence and of prejudice against the plaintiff in error, whom we shall call the defendant, because of his business, which is said to be that of keeping a spaghetti restaurant, and of his foreign extraction. As to the latter contention, it is sufficient to say that there is not the slightest indication in the record that prejudice, either for the reasons named or otherwise, entered into the jury verdict. The defendant concedes that the woman whose earnings are said to have been received by him was a prostitute and that she was regularly employed by the defendant in the capacity of waitress. The evidence sustains a finding that on at least two occasions this woman was used on defendant's premises for purposes of prostitution, on each of which occasions $5 was paid, of which $3 went to the woman and $2 to the defendant. The substances of this testimony, it is true, came from the woman herself, but it was sufficient with the corroborating circumstances otherwise proved to sustain the jury's verdict.

The judgment below will be affirmed.